MEMORANDUM OPINION



No. 04-01-00418-CR



Tracy Troy BARKSDALE,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court of Bexar County, Texas


Trial Court No. 2000-CR-2247


Honorable Raymond Angelini, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: March 31, 2003


AFFIRMED


 Appellant Tracy Troy Barksdale was indicted by a Bexar County Grand Jury on six
counts of aggravated robbery. Following a jury trial, Barksdale was convicted on all six
counts and sentenced to seventy years imprisonment. Barksdale timely filed a motion for
new trial which was denied by the trial court. Barksdale now appeals, alleging three issues.
In his first issue, Barksdale contends he was denied effective assistance of counsel. In his
second issue, he claims the evidence introduced at trial is legally insufficient to support his
conviction. In his final issue, Barksdale contends the trial court abused its discretion by
denying his motion for new trial. We overrule all three of Barksdale's issues and affirm the
judgment of the trial court.

 Because the issues in this appeal involve the application of well-settled principles of
law, we affirm the convictions in this memorandum opinion under Tex. R. App. P. 47.1 for
the following reasons:

 1. In his first issue, Barksdale contends he was denied effective assistance of counsel
as required under the United States and Texas Constitutions. U.S. Const. am. VI; Tex.
Const. art. I, §10. Specifically, Barksdale raises four reasons why he believes his attorney
provided ineffective assistance: (1) the attorney failed to move for directed verdict at the
close of the State's evidence; (2) the attorney failed to file a motion to suppress evidence
found in a search of Barksdale's girlfriend's mother's house; (3) the attorney failed to present
an opening statement; and (4) at the punishment phase of the trial, the attorney failed to
object to the admission of "uncorroborated unadjudicated extraneous offense evidence." 

 In determining whether a criminal defendant has been denied effective assistance of
counsel, this court follows the standard iterated in Strickland v. Washington. 466 U.S. 687,
688 (1984); Holland v. State, 761 S.W.2d 307, 314 (Tex. Crim. App. 1988). To reverse a
criminal defendant's conviction on ineffective assistance of counsel grounds, the defendant
must demonstrate by a preponderance of the evidence that (1) counsel's performance was so
deficient as to fall below an objective standard of reasonableness; and (2) there is a
reasonable probability but for counsel's unprofessional errors, the result of the proceeding
would have been different. Strickland, 466 U.S. at 687; Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 2002). A reasonable probability is a probability sufficient to
undermine confidence in the outcome of the proceeding. Thompson, 9 S.W.3d at 812. Any
allegations of ineffectiveness must be firmly founded in the record, and the defendant must
overcome the strong presumption that counsel rendered adequate assistance and that
counsel's actions were the result of sound trial strategy. Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994). In most cases, a silent record which provides no explanation
for counsel's actions will not overcome the strong presumption of reasonable assistance.
Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

 The record is silent regarding any explanation for counsel's actions in all four
situations complained of by Barksdale. In the absence of an explanation of the motivation
behind counsel's decisions, we find that Barksdale has failed to overcome the strong
presumption of reasonable assistance. Barksdale has not shown that his counsel's actions fell
below an objective standard or that but for these actions the outcome of his trial would have
been different. Strickland, 466 U.S. at 687. We overrule Barksdale's first issue.

 2. In his second issue, Barksdale contends the evidence is legally insufficient to
corroborate the testimony of the accomplice witness, Raymond Headley, and therefore,
legally insufficient to sustain his convictions. A conviction can not be had upon the
testimony of an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon
Supp. 2003). In order to test whether corroboration is sufficient, the court must eliminate
from consideration the accomplice witness' testimony, and then examine the remaining
evidence to determine if it is of an incriminating character tending to link the accused to the
commission of the offense. Knox v. State, 934 S.W.2d 678, 686 (Tex. Crim. App. 1996).
If such evidence is in the record, the corroboration will be sufficient, if not the evidence is
legally insufficient. Pinson v. State, 598 S.W.2d 299, 302 (Tex. Crim. App. 1980). 

 At trial, the State presented the testimony of several victims of Barksdale's alleged
crimes, all of whom gave a general description of their attackers and testified as to the events
on the night of the robbery. One victim was also able to tentatively identify Barksdale. The
State also presented the testimony of accomplice Headley's live-in girlfriend, Barksdale's
mother-in-law, an alarm company employee, a Bexar County firearms examiner, and three
police officers who worked on the robbery case. This testimony, along with other
circumstantial evidence produced by the State, tends to connect Barksdale with the offenses
committed. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon Supp. 2003). The
corroboration testimony, therefore, was legally sufficient to sustain the convictions against
Barksdale. We overrule his second issue.

 3. In his third issue, Barksdale contends the trial court erred in denying his motion
for new trial which alleged the trial court exhibited bias against him in the presence of the
jury. However, Barksdale fails to include either argument or authority for this issue in his
brief as required by the rules of appellate procedure. Tex. R. App. P. 38.1. His brief fails to
comply with the rules of appellate procedure and thus presents nothing for purposes of
review. Tex. R. App. P. 38.1.; See Cardenas v. State, 30 S.W.3d 384, 393 (Tex. Crim. App.
2000); Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2002). Accordingly, we can not
address Barksdale's third and final issue, and the judgment of the trial court is affirmed. 



 Paul W. Green, Justice


Do not publish